IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAEL SPEIGHTS,

                        OPINION AND ORDER

                Plaintiff,

                         20-cv-1098-bbc

      v.

AGNESIAN HEALTHCARE, WAUPUN MEMORIAL
HOSPITAL, THOMAS W. GROSSMAN, JR.,
AUDRA M. SMITH, JOHN DOE EMPLOYER OF
AUDRA M. SMITH, EILEEN S. GAVIN, JOHN DOE
EMPLOYER OF EILEEN S. GAVIN, DAVID M. BINGHAM,
JOHN DOE EMPLOYER OF DAVID M. BINGHAM,
CHRISTIAN SCHUBRING, ALJAN CO.,
JILL M. MIGON AND JOHN DOE EMPLOYER OF
JILL M. MIGON,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and state prisoner Jael Speights filed a proposed civil action under 42 U.S.C. § 1983, alleging that he was been denied adequate medical treatment for his chronic foot and ankle problems. He has sued several doctors who evaluated and treated him for foot and ankle problems between 2014 and 2020. He has also sued the doctors' employers, and he seeks leave to proceed on claims under the Eighth Amendment and state medical malpractice law. Plaintiff has filed an amended complaint, dkt. #19, that I will treat as the operative pleading.

      Plaintiff's amended complaint is before the court for screening under 28 U.S.C. § 1915A. The amended complaint is 46 pages long, and it provides a detailed description of the treatment that plaintiff received from defendants for his foot and ankle problems.

Plaintiff also filed more than 400 pages of exhibits, which he cites to in his amended complaint, and which include hundreds of pages from his medical records. Plaintiff's allegations and the medical records undermine plaintiff's contention that defendants acted with deliberate indifference to his serious medical needs. Instead, plaintiff's allegations and attachments show that defendants used medical judgment to make treatment decisions regarding plaintiff's foot and ankle problems. Therefore, plaintiff's allegations fail to state a claim under the Eighth Amendment against defendants, and his complaint will be dismissed. Because I am dismissing plaintiff's complaint, I will deny his motion for assistance in recruiting counsel, dkt. #17, as moot.

Plaintiff alleges the following facts in his amended complaint.

## ALLEGATIONS OF FACT

Plaintiff Jael Speights has had foot and ankle problems for many years, since at least 2014. In 2014, while he was incarcerated at Waupun Correctional Institution, plaintiff received state-issued shoes and orthotics. In January 2015, he injured his left foot while playing basketball, and x-rays were taken. The x-rays showed no obvious problems, but plaintiff was still in pain and requested an MRI. Plaintiff was referred to defendant Aljan Company to be fitted for orthotics.

In April 2015, plaintiff was seen by defendant Christian Schubring at Aljan. Shubring assessed plaintiff's foot and took pictures of plaintiff's foot-ankle-heel complex. Shubring noted that plaintiff's left foot arch contacted the ground and that plaintiff had

more valgus on the left foot than on the right.  Dkt. #4-1 at 1.  Schubring casted plaintiff's foot for custom orthotics and recommended that plaintiff be given New Balance athletic shoes.  Id.

In May 2015, a prison physician ordered an MRI of plaintiff's left ankle.  The results showed posterior tibial tendon dysfunction.  Plaintiff was given a steroid shot for his ongoing ankle pain, and he was referred to Waupun Memorial Hospital.  He was seen at the hospital in August 2015, where a physician diagnosed left ankle arthritis and possible tarsal tunnel syndrome on the left ankle.  The physician recommended an MRI of plaintiff's spine and an appointment with an orthopedist or podiatrist to assess plaintiff's ankle.  The MRI results showed that plaintiff had spinal problems on his left side.

In November 2015, plaintiff saw defendant Dr. Thomas Grossman, an orthopedic surgeon at Waupun Memorial Hospital.  Grossman diagnosed tarsal tunnel syndrome.  He noted that plaintiff had nerve pain and "marked pes planus feet," meaning flat feet.  Id. at 14. Grossman told plaintiff that he could perform a tarsal tunnel release surgery that might help plaintiff, but that the surgery "did not have a good track record for relief of his discomfort" and "may actually make his discomfort worse."  Id.  Plaintiff consented to the surgery.  Grossman performed the surgery in February 2016, and instructed plaintiff that maximum medical improvement could take up to 12 months.  Id. at 19.  At follow-up appointments, Grossman noted that plaintiff had collapsed arches, and recommended that plaintiff see a podiatrist and receive more appropriate shoe gear.  Id. at 26.

Meanwhile, in January 2016, plaintiff received the custom orthotics from Aljan.  The

3

orthotics did not provide relief to plaintiff and he continued to experience severe foot and ankle pain. He tried new orthotics in May 2016, but those did not help him either.

In July 2016, plaintiff saw defendant Dr. Audra Smith at UW Health Podiatry. Smith noted that plaintiff had flat feet and had been experiencing pain in his left foot, but that his tarsal tunnel nerve no longer caused pain. Smith told plaintiff that he needed better shoe gear that would provide support and control his ankle joint. Id. at 29. She casted him for new orthotics with a deeper heel cup and told him to wear them at all times. She also advised the prison that plaintiff needed new New Balance shoes. She gave plaintiff a steroid shot and directed him to stay active if he could tolerate it.

Plaintiff received his new orthotics in August 2016, but he continued to experience ankle pain, knee swelling and spinal problems. In October 2016, he was transferred to Oshkosh Correctional Institution, where he continued to complain to the health services unit about his pain.

In March 2017, plaintiff saw defendant Dr. Smith at UW Podiatry for a followup appointment in March 2017. Smith noted that plaintiff was continuing to experience foot problems and now had possible tarsal tunnel syndrome in his right foot. Id. at 33. Smith told plaintiff that she wanted to try adjusting his orthotics first to see if that would help. If the adjustments did not help, she would recommend that plaintiff be evaluated for surgical intervention. Id.

Plaintiff continued to complain to health services staff about pain. However, sometime during the next year, prison health services staff reported to defendant Dr. Smith

that plaintiff was improving and that he was able to function with the new orthotics adjustments. (Plaintiff does not know who provided the update to Smith.) Smith responded that a followup should be scheduled based on clinical need.

Plaintiff was seen again at UW Podiatry in June 2018, by defendant Dr. Jill Mignon. Mignon noted that the orthotics had not corrected the problems with plaintiff's feet, and she recommended that he be evaluated by an orthopedic surgeon. She concluded that plaintiff did not need new orthotics.

In September 2018, plaintiff was seen by defendant Dr. David Bingham, an orthopedic surgeon, at the Kennedy Center in Oshkosh, Wisconsin. Bingham diagnosed advanced bilateral posterior tendon insufficiency. He stated that plaintiff probably needed surgery, but that plaintiff should be evaluated by a foot and ankle orthopedic specialist because such surgery would be an advanced, specialized treatment. Bingham recommended that plaintiff be referred to UW Madison because Bingham could not provide the treatment plaintiff needed.

In February 2019, plaintiff was seen by defendant Dr. Katherine Williams (not a defendant) at UW Health Orthopedics. Williams diagnosed left mild planovalgus foot deformity and mild posterior tibial tendon insufficiency, and she recommended that plaintiff try full-length semi-rigid orthotics made by an orthotist, not a podiatrist. Plaintiff received new orthotics in April 2019.

In July 2019, plaintiff was transferred to Wisconsin Secure Program Facility. He continued to complain about pain, ankle and knee problems. Defendant Dr. Eileen Gavin,

5

a physician working at the prison, told plaintiff that his most recent x-ray did not show any acute changes but that she could order a cortisone injection for him. Gavin also ordered a cane for plaintiff.

In November 2019, plaintiff received a cortisone injection and an ultrasound was taken of his left ankle. The ultrasound showed a complete rupture of the left posterior tibial tendon. Plaintiff was referred to UW Orthopedics again, where the orthopedic surgeons determined that because conservative treatment had failed, surgery was appropriate. Plaintiff had reconstructive surgery on his tibial tendon in July 2020. Dr. Gavin, at Wisconsin Secure Program Facility, told plaintiff that his knee pain was probably related to his foot problems and could be addressed after his foot problems were handled.

## OPINION

### A. Eighth Amendment

Plaintiff states that he is bringing claims under the Eighth Amendment against all of the individual defendants. To state a claim based on deficient medical care under the Eighth Amendment, plaintiff must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011). The first element, an objectively serious medical condition, is one that a doctor recognizes as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). Plaintiff's allegations about chronic foot and ankle problems would establish that he had an

objectively serious medical condition.

The second element, an official's deliberate indifference, relates to the official's subjective state of mind. Arnett, 658 F.3d at 750. A plaintiff must allege that an official knew of and disregarded a substantial risk of harm. Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016); Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015). In cases in which a prisoner alleges that he received some treatment for his medical condition, but that the treatment was inadequate, the relevant question is whether the medical provider's actions were "such a substantial departure from accepted professional judgment, practice, or standard, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996). A "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). But a medical provider may violate the Eighth Amendment if the provider prescribes a course of treatment without exercising medical judgment or that the providers knows will be ineffective. Whiting v. Wexford Health Sources, Inc., 839 F.3d 658, 662–63 (7th Cir. 2016).

Plaintiff's allegations do not suggest that any of the six individual defendants acted with deliberate indifference to plaintiff's serious medical needs. Instead, the detailed allegations in plaintiff's amended complaint, in conjunction with the medical records that plaintiff submitted, show that defendants exercised medical judgment in making treatment

decisions.

1. **Christian Schubring**

Plaintiff contends that defendant Christian Schubring, from Aljan Company, acted with deliberate indifference by recommending that plaintiff try custom orthotics to correct his foot and ankle problems. Plaintiff contends that Schubring should have known that the orthotics would not help plaintiff. However, plaintiff's allegations and medical records do not support an Eighth Amendment claim against Shubring. Plaintiff alleges that his prison physician referred him to Aljan Company for the purpose of making custom orthotics. Shubring assessed plaintiff's feet, casted him for custom orthotics and recommended that he receive new footwear. Nothing about these allegations suggest that Shubring thought that the custom orthotics would be unhelpful for plaintiff. In addition, plaintiff's allegations do not suggest that Shubring was a medical provider who could have provided alternative or additional treatment to plaintiff. Therefore, plaintiff may not proceed with an Eighth Amendment claim against Shubring.

2. **Dr. Thomas Grossman**

Plaintiff next contends that defendant Dr. Thomas Grossman acted with deliberate indifference by performing surgery to address plaintiff's tarsal tunnel syndrome, instead of doing something to treat plaintiff's collapsed pes planovalgus foot-ankle-heel complex. But plaintiff's own allegations and treatment records do not support a deliberate indifference

8

claim against Grossman. Plaintiff alleges that he was suffering from foot pain, that an MRI showed tarsal tunnel syndrome, that plaintiff saw Grossman for evaluation of his pain and that Grossman performed surgery in an attempt to treat plaintiff's pain. Plaintiff's medical records confirm plaintiff's allegations. The records also show that Grossman recognized plaintiff's collapsed pes planovalgus and recommended that plaintiff be evaluated by a podiatrist and receive better footwear. These records show that Grossman exercised medical judgment and concluded that plaintiff's flat feet should be treated by a podiatrist. Therefore, plaintiff may not proceed with an Eighth Amendment claim against Grossman.

### 3. Dr. Audra Smith

Plaintiff contends that Dr. Audra Smith acted with deliberate indifference to his serious medical needs by recommending that he try orthotics to treat his foot and ankle problem, despite knowing that orthotics had not helped him in the past. Plaintiff argues that Smith should have recommended surgery right away. However, plaintiff's allegations and medical records show that Smith wanted to try correcting plaintiff's foot problems with orthotics before resorting to a complex surgery. The orthotics that Smith provided were different from those that plaintiff had tried previously, and Smith thought, in her medical judgment, that the orthotics might help plaintiff. Although plaintiff disagreed with Smith's treatment decision, his own agreement is not enough to state an Eighth Amendment claim against Smith.

### 4.  Jill Migon

Defendant Jill Mignon saw plaintiff only once, and recommended that he be evaluated by an orthopedic surgeon.  Nonetheless, plaintiff contends that Mignon acted with deliberate indifference by failing to tell him to keep weight off his feet.  But plaintiff's allegations and medical records do not suggest that Mignon thought that plaintiff faced a substantial risk of serious harm by putting weight on his feet.  As plaintiff points out, all of his medical providers told him to remain active, if possible.  Although plaintiff may now believe that Mignon should have restricted his activities, plaintiff's allegations do not support a claim that Mignon acted with deliberate indifference by failing to do so.

### 5.  David Bingham

Like defendant Mignon, defendant David Bingham saw plaintiff only once.  Bingham evaluated plaintiff and determined that he could not provide the specialized surgery that plaintiff likely needed.  Bingham referred plaintiff to a foot and ankle orthopedic specialist. Plaintiff contends that Bingham acted with deliberate indifference by failing to do more, including by failing to instruct plaintiff to keep weight off of his feet.  As with Mignon, however, plaintiff's allegations do not suggest that Bingham thought plaintiff faced a substantial risk of serious harm by putting weight on his feet.  Therefore, plaintiff's allegations do not state an Eighth Amendment claim against Bingham.

### 6.   **Eileen Gavin**

Finally, plaintiff contends that defendant Eileen Gavin, a doctor at Wisconsin Secure Program Facility, acted with deliberate indifference by failing to address his knee pain. However, plaintiff's own allegations explain Gavin's medical judgment on this issue. Gavin told plaintiff that his knee problems were related to his foot and ankle problems, and that his knee problems would be addressed after his foot and ankle surgery. Although plaintiff disagreed with Gavin's assessment, his own allegations show that Gavin was exercising medical judgment. Therefore, plaintiff has failed to state an Eighth Amendment claim against Gavin.

### B.  Medical Malpractice Claims

Plaintiff's amended complaint also includes medical malpractice claims against the individual defendants and their employers. However, because plaintiff has failed to state any federal claims against defendants, I will decline to exercise subject matter jurisdiction over his state law claims.

### ORDER

IT IS ORDERED that

1. Plaintiff Jael Speight's motion for leave to amend his complaint, dkt. #19, is GRANTED.

2. Plaintiff's motion for assistance in recruiting counsel, dkt. #7, is DENIED.

11

3. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

4. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

5. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 17th day of March, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge